UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

In re:
BETSEY WARREN LEBBOS,

        Debtor,
_____/

BETSEY WARREN LEBBOS,

        Appellant,

  v.

LINDA SCHUETTE,

        Appellee.

NO. CIV. S-08-763 FCD

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on appellant Betsey Warren Lebbos' ("appellant") appeal[1] of the bankruptcy judge's March 28, 2008 order denying her motion to disqualify the judge from

---

[1] Appellant specially elected appeal to this court pursuant to 28 U.S.C. § 158(a)(1). Section 158(a)(1) provides district courts with jurisdiction over appeals "from final judgments, orders, and decrees."

1

Case 2:08-cv-00763-FCD   Document 34   Filed 09/09/08   Page 2 of 4

hearing the underlying adversary proceeding.[2]  The court has considered the parties' opening briefs and appellant's reply brief (Docket #s 13, 15, 21) and hereby affirms the bankruptcy judge's decision.

This court reviews the bankruptcy judge's order for abuse of discretion.  Under that standard, unless the record demonstrates a misapplication of law or clearly erroneous factual findings, the bankruptcy judge's decision must be upheld.  United States v. Wilkerson, 208 F.3d 794, 797 (9th Cir. 2000).

Here, appellant has not established either that the bankruptcy judge misapplied the controlling law or made erroneous factual findings.  The bankruptcy judge properly applied 28 U.S.C. § 455, providing the grounds for recusal of a judge.  Section 455(a) provides:  "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The test for disqualification under this section is an objective one:  "whether a reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned."  United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983).  In this case, the bankruptcy judge properly found that no facts exist which could conceivably give rise to a finding of bias by the judge against

---

[2]  Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs.  See E.D. Cal. L.R. 78-230(h).

2

appellant.[3]

Indeed, at best, appellant points only to various adverse, legal rulings by the bankruptcy judge as evidence of his alleged bias toward appellant as a disabled person. However, courts have routinely held that "adverse rulings do not constitute the requisite bias" for purposes of disqualification under Section 455(a). See e.g. Nelson, 718 F.2d at 321 (citing cases) (holding judge's acceptance of an invalid guilty verdict in the defendant's first trial did not necessitate recusal); United States v. Sibla, 624 F.2d 864, 869 (9th Cir. 1980) (emphasizing that recusal under Section 455(a) is only required where the bias or prejudice stems from an "extrajudicial source"). It is simply not a basis for recusal that appellant's various motions in the underlying adversary proceeding, including multiple motions to disqualify the judge,[4] to quash subpoenas, and for relief from default judgment, have been denied by the bankruptcy judge.

Moreover, appellant's ad hominem attacks on the bankruptcy judge do not provide a legal basis for recusal. Appellant has no facts whatsoever to support her bizarre assertion that the bankruptcy judge is a "narcissist" who "hates" and "disdains"

---

[3] Appellant does not argue that any specific bases for recusal exist in this case under Section 455(b). 28 U.S.C. § 455(b) (requiring recusal where, among other instances, the judge has a personal bias against a party, a financial interest in the action or a party, is closely related to a party in the litigation, or has previously served as an attorney in the litigation).

[4] In this and numerous related appeals and adversary proceedings, appellant has filed some thirteen separate motions to disqualify the judge. Such filings appear to be appellant's modus operandi whenever she receives an adverse legal ruling. (See Appellee's Opening Brief, filed June 10, 2008, citing motions.)

disabled persons.  (See Reply to Appellee's Brief, filed June 25, 2008.)  In that regard, this court has not considered those portions of appellant's briefs which are nothing more than a rant of personal invective against Judge Bardwil.

For all of the above reasons, the court cannot find that the bankruptcy judge misapplied the controlling law or made any erroneous factual findings, and thus, the court AFFIRMS the bankruptcy judge's March 28, 2008 order, denying appellant's motion to disqualify the judge.  Appellant's appeal is denied, and the Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

DATED: September 9, 2008

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE